UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2014 MAR 17  A 11: 47

US DISTRICT COURT
HARTFORD CT

14CV 337AWT

PIEDMONT GARDENS, LLC,          CIVIL ACTION NO.
SAMUEL POLLACK,
BACK BONE LLC, and
BARBARA YALE on behalf of themselves
And all others similarly situated,

        Plaintiffs,

    vs.

MICHAEL LEBLANC,
FRANK CARUSO,
KAREN MULCAHY,
THE CITY OF WATERBURY,
JOHN DOE 1,  JOHN DOE 2, JOHN DOE 3,
JOHN DOE 4, JOHN DOE 5, JOHN DOE 6,
JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, and
JOHN DOE 10,

        Defendants.                    MARCH 17, 2014

## COMPLAINT AND JURY DEMAND

## NATURE OF ACTION

1.    This class action is brought by Plaintiffs Piedmont Gardens, LLC, Samuel

Pollack, Back Bone LLC, and Barbara Yale, by their attorneys, on behalf of themselves

and all other individuals and entities that have been damaged by one or more of the

following:

A.  They have been forced by the named Defendants to pay collection fees to

Constables and/or Marshals who served an alias tax warrant on real property they

1

owned, but the Constable and/or Marshal did not execute or collect funds pursuant to the alias tax warrant;

B. They have had payments made to the City of Waterbury which were then given to a Constable and/or Marshal who retained a portion of the payment and returned the remainder to the City of Waterbury, resulting in less than the full payment being credited to the Plaintiff's tax obligation;

C. They have been informed by the Office of Tax Collection that the City of Waterbury could not accept payment on real property taxes after an alias tax warrant had been issued and were directed to pay the funds to a Constable and/or Marshal, a portion of which payment was retained by said Constable and/or Marshal and only a portion of which payments were applied to the Plaintiffs' tax obligation;

D. They have had demand made for immediate payment of taxes on real property not yet due without notice that a determination had been made that collection of said tax was in jeopardy.

2.      Plaintiffs seek to recover for the damages caused by the named Defendants and certain John Doe Constables and/or Marshals, whose identities are unknown at this time, through an illegal and improper common scheme by the Defendants.

3.      Plaintiffs Piedmont Gardens, LLC,  Samuel Pollack, and Back Bone LLC, and Barbara Yale, all owners of real estate within the City of Waterbury, bring this action for declaratory, injunctive, and monetary relief against the City of Waterbury and Waterbury's Director of Finance, Tax Collector and the Deputy Tax Collector, for

2

systematically and unlawfully refusing to accept delinquent tax payments and either

requiring the payments to be made to Constables and/or Marshals or taking delinquent tax

payments and giving Constable and/or Marshals 15% of the payment although such fees

were not earned.

      4.      Throughout the State of Connecticut the provisions of Chapter 204 of the

Connecticut General Statutes control the municipal collection of real estate taxes; the

issuance of tax warrants when such taxes are delinquent;  fees to which Tax Collectors,

Marshals and Constables are entitled for the collection of such delinquent taxes; the sale of

real estate for the collection of such delinquent taxes; and the acceleration of tax payments

not yet due when tax payments are jeopardized, all as more further set forth below.

      5.      The named Defendants have recklessly and consciously ignored the

requirements for the collection of delinquent taxes as set forth in the Connecticut General

Statutes and the City Charter of Waterbury, CT, and have conspired with unnamed

Defendant Constables and Marshals to violate the provisions of pertinent state statues in

order to defraud tax payers and convert their money for the benefit of said unnamed co-

defendants and co-conspirators all under the color of state law.  Further,  the Defendants

had the ability and authority to prevent the violation of Plaintiffs' rights protected under

the United States and Connecticut Constitutions and Plaintiffs' rights protected under

federal and Connecticut statutes, but  failed to act in any way to prevent the alleged

violations and the civil conspiracy affected, contrary to Plaintiffs' rights protected under

the United States and Connecticut Constitutions and Plaintiffs' rights protected under

federal and Connecticut statutes. Accordingly the Defendants are being sued under §42 U.S.C. §1983, 1985(3) and 1986 as well as well as for common law conversion.

6.     The Plaintiffs are demanding actual damages, damages for loss of their constitutional rights, statutory punitive damages pursuant to §52-564 of the Connecticut General Statutes, declaratory relief and an injunction to prevent continuing or future violations of the law.

7.     The Defendants' manner of collection of delinquent taxes pursuant to Connecticut General Statutes, §12-155, 12-157 and 12-162 each deprive the Plaintiffs of rights and privileges guaranteed to them under State and Federal statutory and constitutional law without providing the Plaintiffs with an opportunity to be heard at a meaningful time and in a meaningful manner as to the legality of the collection practices or as to the proper amount of delinquency, are fundamentally unfair, and thereby violate the due process standards of the Constitution of the United States and Article 1, §10 of the Connecticut Constitution.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 as this action constitutes a federal question arising out of the Fourteenth Amendment; 28 U. S. C. § 1343(a) as this action redresses deprivations under color of State law, of rights, privileges and immunities secured by the United States Constitution and to recover damages and secure equitable relief under acts of Congress, specifically 42. U.S.C. § 1983 which provides a cause of action for deprivation of constitutional rights under color of state law and under 42 U.S.C. § 1985(3) to protect against conspiracies

4

against protected rights; 28 U.S.C. § 1367 to redress state claims that are so related to the federal claims as to be part of the same case or controversy; 28 USC § 2201(a), to secure declaratory relief; 28 USC § 2202 to secure injunctive relief and damages; 42 U.S.C. § 1988 to grant Plaintiffs' claim for reasonable attorney's fees; and 28 USC § 1920 for taxable costs.

9.      In this action none of the Plaintiffs dispute the authority of the named Defendants to collect the taxes due on real property.  Neither do the Plaintiffs contest the assessment of their property, the validity of the particular taxes imposed upon them, or the amount of taxes claimed due.  The Plaintiffs are not seeking to avoid paying their tax bill, but rather the case is grounded in the illegal and fundamentally unfair means employed by the Defendants in refusing to accept tax payments presented to them and the diversion of funds to the unnamed Constables and/or Marshalls.  See *Hibbs v. Winn*, 542 U.S. 88, 105, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004), as discussed in *Elizabeth Luessenhoop et al. v. Clinton County, New York,*   466 F.3d 259, 265-268   (2nd Cir. 2006)

10.      Venue is proper in the District of Connecticut under 28 U.S.C. § 1391(b), as the acts complained of occurred in the District of Connecticut and Defendant resides in the District of Connecticut.

## THE PARTIES

11.      The Plaintiff, Piedmont Gardens LLC, ("Piedmont") is a Connecticut limited liability company that owns and has owned for time periods pertinent to the claims in this action real estate located at 25, 35 and 37 Piedmont Street, Waterbury, Connecticut.

("Piedmont Properties") upon which properties the Defendant City of Waterbury has assessed and the Defendant Tax Collectors have collected municipal property taxes.

12.     The Plaintiff, Samuel  Pollack, (Mr. Pollack) is an individual who owns and has owned for time periods pertinent to the claims in this action real estate located at 292 West Main Street, Waterbury, (Pollack Property)  upon which property the Defendant City of Waterbury has assessed and the Defendant Tax Collectors have collected municipal property taxes

13.     The Plaintiff, Back Bone, LLC (Back Bone) is a Connecticut limited liability company that owns and has owned for time periods pertinent to the claims in this action real estate located 777 Chase Parkway, Waterbury, Connecticut. ("Back Bone Property") also known as the Hampton Inn Hotel upon which property the Defendant City of Waterbury has assessed and the Defendant Tax Collectors have collected municipal property taxes.

14.     The Plaintiff Barbara Yale (Yale) is a citizen of the State of Connecticut who owns and has owned for time periods pertinent to the claims in this action real property located 81 Wolcott Street, Waterbury, Connecticut. ("Yale Property").

15.     The Defendant, The City of Waterbury, is a Connecticut municipal corporation with all of the powers, rights and obligations imposed upon municipal corporations by the laws of the United States and the State of Connecticut and may be sued.  The City of Waterbury is a "municipality" as defined by §12-141 of the Connecticut General Statues.   The City of Waterbury is the ultimate authority for the collection of its taxes. The City of Waterbury has established an Office of Tax Collection to collect taxes.

16.     The Defendant, Michael LeBlanc, is the Director of Finance of the City of Waterbury who, at all time periods pertinent to the claims in this action, has exercised the rights and duties of Director of Finance as imposed upon him by the laws of the United States, the State of Connecticut and the City of Waterbury.   As Director of Finance Michael LeBlanc is responsible for establishing the policies for collecting taxes in the City of Waterbury.  The Director of Finance is appointed by the Mayor.  He is sued in his individual capacity.

17.     The Defendant, Frank Caruso, is the Tax Collector of the City of Waterbury who, at all time periods pertinent to the claims in this action, has exercised the rights and duties of Tax Collector as imposed upon him by the laws of the United States, the State of Connecticut and the City of Waterbury.   As Tax Collector Frank Caruso is responsible for establishing the policies for collecting taxes in the City of Waterbury.  The Tax Collector is appointed by the Director of Finance. He is sued in his individual capacity.

18.     The Defendant, Karen Mulcahy, is the Deputy Tax Collector of the City of Waterbury who, at all time periods pertinent to the claims in this action, has exercised all of the rights and duties of Deputy Tax Collector as imposed upon her by the laws of the United States, the State of Connecticut and the City of Waterbury and the directives of the Tax Collector of the City of Waterbury.  The Deputy Tax Collector is appointed by the Tax Collector.  She is sued in her individual capacity.

19.     The Plaintiffs do not know the true and complete names of certain City Constables and State Marshals who are being sued for conspiracy to deprive the Plaintiffs

of their rights privileges and property as guaranteed by the laws of the United States

Constitution and the State of Connecticut and the Charter of the City of Waterbury, and

illegally and improperly converting property of the Plaintiffs' to their own use under the

laws of the State of Connecticut.   They are therefore listed here as John Does, 1 through

10.  Plaintiffs will amend this complaint to set forth the true and complete names and

capacities of the fictitiously named Defendants once ascertained.

      20.     Plaintiffs upon information and belief allege that each of the Defendants

sued herein, including those named as Does, are the agents, servants, employees and

officers of the Defendant City of Waterbury and, with respect to their doings alleged

herein, acted within the course and scope of such agency, employment and office and with

full knowledge, consent and approval of the other Defendants.

## STATEMENT OF FACTS

### Connecticut's Statutory Scheme for the Collection of Taxes

      21.     The Provisions of  §12-140 of the Connecticut General Statues provide the

exclusive authority for the payment of fees and expenses to a municipal tax collector for

the collection of delinquent taxes.

      22.     The provisions of §12-146 of the Connecticut General Statutes provide the

exclusive authority for a municipality's imposition of interest on delinquent municipal

taxes.

      23.     The provisions of §12-144b of the Connecticut General Statutes sets forth a

mandatory scheme for the application of all payments made to a municipality for the

payment of taxes on specific property.  It does not authorize the municipality to turn the payment over to any other party.

24.     The provisions of §12-147 of the Connecticut General Statutes mandates the Tax Collector to pay all moneys collected to the treasurer of the municipality.  It does not authorize the Tax Collector to pay any moneys collected to any other party. §12-150 sets a penalty of one hundred dollars for each violation of §12-147.

25.     The provisions of §12-155 of the Connecticut General Statues provide the exclusive authority for levying on the property of a tax payer for the collection of municipal taxes.  While this statute provides for a written demand for the payment of delinquent taxes, it fails to provide the tax payer an opportunity to be heard at a meaningful time and in a meaningful manner as to the legality of the levy or sale, or as to the proper amount of the delinquency and that, therefore, under the procedural due process standards of the Constitution of the United States and Article 1, Section 10 of the Connecticut Constitution, the absence of such provision renders the levy procedure unconstitutional and void.

26.     The provisions of §12-157 of the Connecticut General Statues provide the exclusive authority for selling property, upon which the Tax Collector has levied, for the collection of municipal taxes upon which the Tax Collector has levied.  While this statute provides for a written notice of the sale, it fails to provide the tax payer an opportunity to be heard at a meaningful time and in a meaningful manner as to the legality of the levy or sale, or as to the proper amount of the delinquency and that, therefore, under the procedural due process standards of the Constitution of the United States and Article 1,

Section 10 of the Connecticut Constitution, the absence of such provision renders the sales procedure unconstitutional and void.

27.    The provisions of §12-162 of the Connecticut General Statues provide the exclusive authority for issuing and serving of alias tax warrants for the collection of delinquent municipal taxes. Because neither this statue nor any other provides the tax payer an opportunity to be heard at a meaningful time and in a meaningful manner as to the legality of the levy and execution or as to the proper amount of the delinquency, therefore, under the procedural due process standards of the Constitution of the United States and Article 1, Section 10 of the Connecticut Constitution, the absence of such provision renders the alias tax procedure unconstitutional and void.

28.    The provisions of §12-162 of the Connecticut General Statues provide the exclusive authority for providing fees to constables and Marshals for the collection of taxes pursuant to an alias tax warrant. Subsection (c) provides that constables and marshals are entitled to collect the fee provided in Connecticut General Statute §52-261 only after they have executed such warrant and collected any delinquent municipal taxes.

29.    The provisions of §12-163 of the Connecticut General Statutes provide the exclusive authority for the collection of any tax on real property before said tax is due, and sets procedures that must be followed before any such tax can be collected before it is due.

30.    The City of Waterbury has a charter ("the Charter") which governs the operations of city government and assigns specific responsibility and authority to various elected and appointed City officials.

31.     The provisions of §7C-1(m) of the Charter requires the Director of Finance to assume responsibility for supervision of the collection of taxes for the City of Waterbury under the Charter and state statutes.

32.     The provisions of §7C-1(m)(4) of the Charter requires the Tax Collector to turn over to the Director of Finance "daily, all taxes, fees, costs and other money collected by him in the performance of his duty."

33.     The provisions of Section 7C-1(l)(1) of the Charter requires the Director of Finance to deposit all city funds in the possession of the Director of Finance in a bank within 24 hours of receipt.

34.     There is no statutory provision that permits a municipal Tax Collector to refuse to accept from a tax payer a payment for delinquent taxes whether or not an alias tax warrant has issued.

35.     There is no statutory provision that permits a municipal Tax Collector to pay to a constable or marshal tax payments paid directly to a municipality by a delinquent tax payer.

36.     The provisions of §2B-2 of the Charter provides that the Town Committee of each major political party of the City of Waterbury shall nominate four electors of the City of Waterbury for the position of Constable, and the Constables are appointed by the Mayor.

37.     The provisions of §7F-1 of the Charter provides there shall be eight Constables of the City of Waterbury.

38.     The website for the City of Waterbury identifies the department that collects taxes as "The Office of Tax Collection."  It states, "The Office of Tax Collections administers the tax laws of the State of Connecticut and to uphold the City Charter in an effort to collect the tax revenues in the most cost effective manner; achieve the highest level of voluntary compliance through accurate, efficient and courteous customer services, and perform in a manner which instills public confidence in the integrity and fairness of the state's tax programs."

**The Defendants' illegal scheme and conspiracy for directing tax payments to constables and state Marshals**

39.     The Director of Finance, and/or the Tax Collector and/or the Deputy Tax Collector instituted and approved customs, policies and procedures that were contrary to the requirements of pertinent Connecticut statutes and charter provisions for the collection of delinquent taxes. Said defendants forced tax payers to pay to the unnamed John Doe Defendants fess, penalties and costs not allowed by law.  These illegal and fundamentally unfair customs, policies and procedures included, but are not limited to:

A. If a tax alias warrant was issued relating to a parcel of real property, the Office of Tax Collections for the City of Waterbury would refuse to accept payments for taxes owed on such parcel, instead telling persons attempting to pay such taxes that they were required to deal with the Constable or Marshal that had served such alias tax warrant.

B. If a tax alias warrant was issued relating to a parcel of real property, and the Office of Tax Collections for the City of Waterbury received a payment for the payment of taxes on said parcel, the Office of Tax Collection would give all or a

portion of the payment to the Constable who had served such alias tax warrant instead of applying the payment according to the requirements of Connecticut General Statute and following the requirements of the Charter.

C.  If a tax alias warrant was issued relating to a parcel of real property, and the Office of Tax Collections for the City of Waterbury received a mailed check for the payment of taxes on said parcel, the Office of Tax Collection would give the check to the Constable that had served such alias tax warrant uncashed instead of applying the payment according to the requirements of Connecticut General Statute and the Charter.

D.  The website for the Office of Tax Collection provided for the on-line payment of taxes.  If a tax alias warrant was issued relating to a parcel of real property the website was configured or designed so that no payment of taxes on that delinquent tax could be made.

E.  Upon statement and belief, if an alias tax warrant was issued related to a delinquent tax payment, the record for the a tax bill was marked with a "W" and that was an indication to employees of the Office of Tax Collection that they should not accept payment for that tax bill and should inform anyone inquiring about the tax bill that they had to talk to the John Doe defendant who served said alias tax warrant.

F.  Once one of the John Doe defendants had possession of monies intended for the payment of delinquent taxes, they would retain approximately

15% of the amount and turn the remainder over to the Office of Tax Collections for the City of Waterbury.

40.     The Director of Finance, and/or the Tax Collector and/or the Deputy Tax Collector were the ultimate policy makers who were responsible for the implementation for the aforementioned illegal and fundamentally unfair customs, policies and procedures, or were aware or should have been aware of the existence of the aforementioned illegal and fundamentally unfair customs, policies and procedures and did nothing to prevent them.

## THE PLAINTIFF, PIEDMONT

41.     For several and divers tax bills the Plaintiff Piedmont was delinquent in the payment of taxes levied by the City of Waterbury upon the Piedmont Properties.

42.     On diverse dates the Defendants issued tax warrants to Piedmont and Piedmont's predecessor in title for the taxes owed upon the Piedmont Properties and in so doing failed to give Piedmont an opportunity to be heard at a meaningful time and in a meaningful manner as to the legality of the levy and execution or as to the proper amount of the delinquency.

43.     On diverse dates the Defendants acting pursuant to §12-157 of the Connecticut Statues gave notice to Piedmont that the Piedmont Properties were to be sold at auction for the payments of delinquent taxes and in so doing failed to give Piedmont an opportunity to be heard at a meaningful time and in a meaningful manner as to the legality of the noticed sale or as to the proper amount of the delinquency to be collected upon the sale.

14

44.     On or about December 13, 2013, Samuel Pollack acting on behalf of
Piedmont presented to the office of the Defendant Tax collector a check in the amount of
$39,736.00 made payable to the Tax Collector of the City of Waterbury. Two employees
of the office refused to take said check and told Mr. Pollack that he would have to give it
to a city constable who would be entitled to take a fee representing 15% of the payment.
Mr. Pollack insisted that the office take the check where upon he was told to speak with
the defendant, Karen Mulcahey, who said that she would take the sum but that she would
cash it and turn it over to a city constable, which she did. An unnamed John Doe
Defendant took the money, took a fee from the money and returned the balance to the City
of Waterbury.     Piedmont was not credited with the full amount of his payment toward
his outstanding taxes.     In so doing, the Defendant Mulcahey acted in furtherance of a
conspiracy with the named and unnamed defendants for the purpose of depriving
Piedmont of its rights under the laws of the State of Connecticut and the United States
Constitution, and damaged and deprived Piedmont of its property with out due process of
law and contrary to said laws.

45.     On diverse dates the Plaintiff, Piedmont, made tax payments directly to the
Defendant City of Waterbury through its officers and employees for taxes levied on the
Piedmont Properties and the Defendants have illegally disbursed those funds to one or
more of the John Doe Defendants.

46.     Upon receipt of the funds paid by Piedmont to the Defendant City of
Waterbury, one or more of the John Doe Defendants illegally took 15% of the payment
and returned the balance to the City of Waterbury.

15

47.     The Defendants have refused and failed to give credit to Piedmont's tax account for the Piedmont Properties for all of the taxes that Piedmont has paid and continues to take illegal actions in attempting to collect sums that are not due.

48.     With respect to payments Piedmont paid for taxes due on the Piedmont Properties, the Defendants conspired with one of more of the John Doe Defendants to transfer funds belonging to the City of Waterbury and or to Piedmont to one or more of the John Doe defendants, allowing one or more of the John Dow Defendants to illegally convert said funds and illegally profit by such illegal transfers.  The Defendants have been put on prior notice as to the illegality of such a conspiracy to divert funds paid by taxpayers of the City of Waterbury to constables and marshals.  This conspiracy was made in reckless or conscious disregard for the Piedmont's Federal and State constitutional and legal rights.

49.     In turning over Piedmont's tax payment to the John Doe Defendant, the Tax Collection Office of the City of Waterbury unreasonably seized Piedmont's property, in violation of the Fourth Amendment of the United States Constitution.  The Defendants permanently deprived Piedmont of the benefit of the monies retained by the John Doe Defendant prior to the reminder being applied to the outstanding taxes owed.

50.     All actions herein taken by the defendants was taken pursuant to their official duties and powers, and made possible by their official positions within the City of Waterbury and were taken under color of law.

51.     Piedmont has been damaged and will be damaged by the Defendants' unconstitutional and illegal actions.

## THE PLAINTIFF, MR. POLLACK

52.     For several and divers tax bills the Plaintiff, Mr. Pollack, was delinquent in the payment of taxes levied by the City of Waterbury upon the Pollack Property.

53.     On diverse dates the Defendants issued tax warrants to Mr. Pollack upon the Pollack Property and in so doing failed to give Mr. Pollack an opportunity to be heard at a meaningful time and in a meaningful manner as to the legality of the levy and execution or as to the proper amount of the delinquency.

54.     On diverse dates the Defendants acting pursuant to §12-157 of the Connecticut Statues gave notice to Mr. Pollack that the Pollack Property was to be sold at auction for the payments of delinquent taxes and in so doing failed to give Mr. Pollack an opportunity to be heard at a meaningful time and in a meaningful manner as to the legality of the noticed sale or as to the proper amount of the delinquency to be collected upon the sale.

55.     On diverse dates the Plaintiff, Mr. Pollack, made tax payments directly to the Defendant City of Waterbury through its officers and employees for taxes levied on the Pollack Property and the Defendants have illegally disbursed those funds to one or more of the John Doe Defendants.

56.     Upon receipt of the funds paid by Mr. Pollack to the Defendant City of Waterbury, one or more John Doe defendants illegally took 15% of the payment and returned the balance to the City of Waterbury.

57.     The Defendants have refused and failed to give credit to Mr. Pollack's tax account for the Pollack Property for all of the taxes that Mr. Pollack has paid and continues to take illegal actions in attempting to collect sums that are not due.

58.     With respect to payments Mr. Pollack paid for taxes due on the Pollack Property, the Defendants conspired with one of more of the John Doe Defendants to transfer funds belonging to the City of Waterbury and or to Mr. Pollack to one or more of the John Doe Defendants, allowing one or more of the John Dow Defendants to illegally convert said payment and illegally profit by such illegal transfers.  The Defendants have been put on prior notice as to the illegality of such a conspiracy to divert funds paid by taxpayers of the City of Waterbury to constables and marshals.  This conspiracy was made in reckless or conscious disregard for the Mr. Pollack's Federal and State constitutional and legal rights.

59.     In turning over Mr. Pollack's tax payment to the John Doe Defendant, the Tax Collection Office of the City of Waterbury unreasonably seized Mr. Pollack's property, in violation of the Fourth Amendment of the United States Constitution.  The Defendants permanently deprived Mr. Pollack of the benefit of the monies retained by the John Doe Defendant prior to the reminder being applied to the outstanding taxes owed.

60.     All actions herein taken by the Defendants was taken pursuant to their official duties and powers, and made possible by, their official positions within the City of Waterbury and were taken under color of law.

61.     Mr. Pollack has been damaged and will be damaged by the Defendants' unconstitutional and illegal actions.

## THE PLAINTIFF BACK BONE

62.     For several and divers tax bills the Plaintiff, Back Bone, was delinquent in the payment of taxes levied by the City of Waterbury upon the Back Bone Property.

63.     On diverse dates the Defendants issued tax warrants to Back Bone upon the Back Bone Property and in so doing failed to give Back Bone an opportunity to be heard at a meaningful time and in a meaningful manner as to the legality of the levy and execution or as to the proper amount of the delinquency.

64.     On diverse dates the Plaintiff, Mr. Back Bone, made tax payments directly to the Defendant Tax Collector of the City of Waterbury through its officers and employees for taxes levied on the Back Bone Property and the Defendants have illegally disbursed those funds to one or more of the John Doe Defendants.

65.     Upon receipt of the funds paid by Piedmont to the Defendant City of Waterbury, one or more John Doe defendants illegally took 15% of the payment and returned the balance to the City of Waterbury.

66.     The Defendants have refused and failed to give credit to Back Bone's tax account for the Back Bone Property for all of the taxes that Back Bone has paid and continues to take illegal actions in attempting to collect sums that are not due.

67.     With respect to payments Back Bone paid for taxes due on the Back Bone Property, the Defendants conspired with one of more of the John Doe Defendants to

transfer funds belonging to the City of Waterbury and or to Back Bone to one or more of the John Doe Defendants, allowing one or more of the John Dow Defendants to illegally convert said payment and illegally profit by such illegal transfers.  The Defendants have been put on prior notice as to the illegality of such a conspiracy to divert funds paid by taxpayers of the City of Waterbury to constables and marshals.  This conspiracy was made in reckless or conscious disregard for the Back Bone's Federal and State constitutional and legal rights.

68.     In turning over Back Bone's tax payment to the John Doe defendant, the Tax Collection Office of the City of Waterbury unreasonably seized Back Bone's property, in violation of the Fourth Amendment of the United States Constitution.  The defendants permanently deprived Back Bone of  the benefit of the monies retained by the John Doe defendant prior to the reminder being applied to the outstanding taxes owed.

69.     All actions herein taken by the Defendants was taken pursuant to their official duties and powers, and made possible by, their official positions within the City of Waterbury and were taken under color of law.

70.     Back Bone has been damaged and will be damaged by the Defendants' unconstitutional and illegal actions.

## THE PLAINTIFF YALE

71.     On or about November 20, 2013, Yale caused to be delivered to the City of Waterbury a check in the amount of $1,250.61 for payment of delinquent taxes then owed on the Yale Property.  Such payment was equal to the amount of taxes then owed on said property.

20

72.     The Office of Tax Collection caused such check to be given to a John Doe Defendant without cashing the check, without depositing the funds into a bank account of the City of Waterbury, or turning said funds over to the Director of Finance for the City of Waterbury.

73.     On or about December 24, 2013 the Office of Tax Collection credited $1,063.02 towards the taxes due and owning on said parcel of real property.

74.     Upon statement and belief, the John Doe defendant that received the check payable to the City of Waterbury, deducted approximately 15% of the total received, or $187.59, and returned the remainder to the Office of Tax Collection.

75.     The amount deducted, $187.59, is approximately 17.65% of the tax credited, $1063.02.  Even if the John Doe defendant was attempting to retain 15% of the taxes eventually credited to Yale, the amount retained was in excess of 15%.

76.     Yale has never received notice as to who has the $187.59 or why over 17% of her tax payment was not credited to the tax arrearage on her real property.

77.     On diverse dates in 2011 and/or 2012 and/or 2013 Yale attempted to have delinquent taxes paid on the Yale Property to the City of Waterbury.  She and/or her agents were informed by the Office of Tax Collection that it would not take any payments and that any payments had to be made through a John Doe Defendant and were subject to an additional charge of 15% to be retained by the John Doe Defendant.

78.     By failing to credit the full amount of the payment made by Yale, additional interest and penalties have accrued on the real property tax owned by Yale.

79.     The Director of Finance and/or the Tax Collector and/or the Deputy Tax Collector caused the unpaid second installment of taxes, which should have been due on January 1, 2014 for the parcel of real property located at 81 Wolcott to be due and payable in advance of the due date of the second installment without following the provisions of Connecticut General Statute §12-163.

80.     All actions herein taken by the Defendants was taken pursuant to their official duties and powers, and made possible by their official positions within the City of Waterbury and were taken under color of law.

81.     The illegally and improperly withheld $187.59 was not a tax, or a fee for the collection of tax, but a penalty not provided by law or the Charter.

82.     In mandating the payment of taxes on the parcel of real property located at 81 Wolcott Street, Waterbury, Connecticut before it was due on January 1, 2014, the Tax Collector did not make factual findings and provide notice to Yale as required by State Statute.

83.     The failure of the Tax Collector to make factual findings and provide notice deprived Yale of property without Due Process.

84.     By issuing an alias tax warrant on the property located at 81 Wolcott Street, then turning over a check payable to the City of Waterbury to a John Doe Defendant, resulting in the crediting of less than the amount of the check towards Yale's tax obligation, the City of Waterbury and/or the Director of Finance and/or the Tax Collector and/or the Deputy Tax Collector deprived Yale of $187.59 without fair and adequate notice or an opportunity for a hearing, failed to follow the Laws of the State of

Connecticut and the Charter of the City of Waterbury, and deprived Yale of her right to Due Process.

85.     In turning over Yale's check to the John Doe Defendant, the Tax Collection Office of the City of Waterbury unreasonably seized Yale's property, in violation of the fourth amendment of the United States Constitution.  The Defendants permanently deprived Yale the benefit of the monies retained by the John Doe Defendant prior to the reminder being applied to the outstanding taxes owed.

86.     The actions of the defendants are not permitted and are contrary to State Law and the Charter as cited above.

## CLASS ACTION

87.     Pursuant to F.R.C.P. 23 Plaintiffs bring this action on behalf of themselves and all other persons and/or entities who have been damaged by one of more of the following:

A.   Been forced to pay collection fees to Constables and/or Marshals who served an alias tax warrant on real property they owned, but the Constable and/or Marshal did not execute or collect funds pursuant to the alias tax warrant;

B.   Had payments made to the City of Waterbury given to a Constable and/or Marshal who retained a portion of the payment and returned the remainder to the City of Waterbury, resulting in less than the full payment being credited to the Plaintiff's tax obligation;

C.   Have been informed by the Office of Tax Collection that the City of Waterbury could not accept payment on real property taxes after an alias tax

warrant had been issued and were directed to pay the funds to a Constable and/or
Marshal, after which a portion of the payment was retained by said Constable
and/or Marshal and only a portion of which payments were applied to the
Plaintiffs' tax obligation;

D. Have had demand made for immediate payment of taxes on real
property not yet due without notice that a determination had been made that
collection of said tax was in jeopardy.

88.     The Class is so numerous that joinder of all members is impracticable.
Upon statement and belief, The City of Waterbury issued more than 3000 tax liens in 2013
for delinquent property taxes and each created the potential for the actions complained of
in this Complaint. The undersigned has requested copies of alias tax warrants issued by
the City of Waterbury under the provisions of the Connecticut Freedom of Information
Act, but no response has been made despite the time for doing so having passed.

89.     Common questions of law and fact exist as to all members of the Class and
predominate over any questions affecting solely individual members of the Class. Among
the questions of law and fact common to the Class are:

A. Whether the Defendant's actions in refusing to accept payments
directly, instructing the tax payer to pay through the Constable and/or Marshal that
had served an alias tax warrant, and turning over payments made to the John Doe
Constables and/or Marshalls, violated state law, violated the charter and violated
the Plaintiffs' right to due process;

24

B. Whether the actions of the Office of Tax Collection in requiring the payment of tax obligations before they were due violated State Law and the Plaintiffs' right to due process,

90. Plaintiffs are members of the class. They are individuals or entities that have had payments refused by the Office of Tax Collection, have been told that they must pay through a Constable and Marshal and/or had a portion of their intended tax payment withheld, had payments given to a Constable and/or Marshal who retained a portion of the payment before and have had demand for payment made for a tax obligation before it was due.

91. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have the same interests as the other Class members.

92. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained qualified counsel with extensive experience in civil rights and state law actions and actions involving the actions of governmental actors and municipal governments as parties. The interests of the Plaintiffs are coincident with, and not antagonistic to, the interests of the other Class members.

93. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

94. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Because the damages suffered by individual members of the Class may be

25

relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them.

95.     The Class is readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation and inconsistent results. There will be no difficulty in the management of this action as a class action.

**CLAIMS FOR RELIEF**
**As to all Plaintiffs**
**AS A FIRST CAUSE OF ACTION**
**Due Process Clause**
**United States Constitution**
**Fourteenth Amendment**
**42 U.S.C. § 1983**

Plaintiffs repeat and re-allege the introductory paragraph and paragraphs "1" through "95" as if fully set forth herein.

96.     The Defendants under the color of state law subjected the Plaintiffs to the deprivation of their rights, privileges, and immunities secured by the United States Constitution.

97.     The Director of Finance and/or the Tax Collector and/or the Deputy Tax Collector were required by the Charter to supervise the functioning of the Department of Tax Collection.  The Director of Finance and/or the Tax Collector and/or the Deputy Tax Collector instituted, or had actual knowledge of the illegal and improper actions that occurred within the Office of Tax Collection and their inaction and failure to adequately train and  supervise the employees allowed the violations of the Plaintiffs' constitutional rights to occur.

26

98.     The policies, procedures and customs of the Office of Tax Collection in refusing to accept lawfully tendered payments, and turning over monies paid to the City of Waterbury to John Doe Defendants was so open, obvious and pervasive that the City of Waterbury and its officials had, or should have had, notice of the practices.

99.     The Plaintiffs have no adequate remedy at law for the harm and damage caused by Defendants' violation of its constitutional rights.

100.    Defendants have caused the Plaintiffs to suffer, and to continue to suffer, irreparable harm, damage and injury. The Plaintiffs will continue to suffer such damages unless the Defendants' acts and conduct complained of are permanently enjoined.

## AS A SECOND CAUSE OF ACTION
### Civil Conspiracy
### 42 U.S.C. §1985(3)

Plaintiffs repeat and re-allege the introductory paragraph and paragraphs "1" through "95" as if fully set forth herein.

96.     The named Defendants and the John Doe Defendants entered into an agreement and conspired to violate Plaintiffs' rights protected under the United States and Connecticut Constitutions and Plaintiffs' rights protected under Connecticut statutes and furthered their conspiracy by the actions recited herein.

97.     The named Defendants and the John Doe Defendants acted willfully, wantonly, recklessly and with callous indifference by violating Plaintiffs' rights protected under the United States and Connecticut Constitutions and Plaintiffs' rights protected under federal and Connecticut statutes by conspiring to intimidate, threaten and coerce Plaintiffs so that Plaintiffs would forfeit said rights.

98.     The Named Defendants' actions deprived and continue to deprive the

Plaintiffs of their rights protected under the United States and Connecticut Constitutions

and Plaintiffs' rights protected under Connecticut statutes.

99.     As a result and proximate cause of the conspiracy perpetrated by the

Named Defendants and furthered by the Individual Defendants' actions, Plaintiffs have in

the past and will continue in the future to suffer direct and consequential damages,

including but not limited to, the loss of Plaintiffs' rights recited herein.

100.    The Plaintiffs have no adequate remedy at law for the harm and damage

caused by Defendants' violation of its constitutional rights.

### AS A THIRD CAUSE OF ACTION
### Failure to Prevent Violations and Civil Conspiracy
### 42 U.S.C. Section §1986

Plaintiffs repeat and re-allege the introductory paragraph and paragraphs "1"

through "95" as if fully set forth herein.

96.     The Named Defendants had personal knowledge of the events described

herein.

97.     The Named Defendants did, with the purpose and intent of willfully,

knowingly and with callous indifference, deprive Plaintiffs of their rights protected under

the United States and Connecticut Constitutions and Plaintiffs' rights protected under

federal and Connecticut statutes.

98.     The Named Defendants had the ability and authority to prevent the

violation of Plaintiffs' rights protected under the United States and Connecticut

Constitutions and Plaintiffs' rights protected under federal and Connecticut statutes.

28

The Director of Finance and/or the Tax Collector and/or the Deputy Tax Collector were required by the Charter to supervise the functioning of the Department of Tax Collection. The Director of Finance and/or the Tax Collector and/or the Deputy Tax Collector instituted or had actual knowledge of the illegal and improper actions that occurred within the Office of Tax Collection and their inaction and failure to adequately train and supervise the employees allowed the violations of the plaintiffs' constitutional rights to occur.

99.     The policies, procedures and customs of the Office of Tax Collection in refusing to accept lawfully tendered payments, and turning over monies paid to the City of Waterbury to John Doe defendants was so open, obvious and pervasive that the City of Waterbury and its officials had, or should have had, notice of the practices.

100.     The Named Defendants failed to act in any way to prevent the alleged violations and the civil conspiracy affected contrary to Plaintiffs' rights protected under the United States and Connecticut Constitutions and Plaintiffs' rights protected under federal and Connecticut statutes.

101.     The Named Defendants acted willfully, wantonly, recklessly and with callous indifference by failing to prevent the violation of Plaintiffs' rights protected under the United States and Connecticut Constitutions and Plaintiffs' rights protected under federal and Connecticut statutes.

102.     As a direct and proximate result of the Named Defendants willfully, wantonly, recklessly and with callous indifference failing to prevent the violation of Plaintiffs' rights protected under the United States and Connecticut Constitutions and

29

Plaintiffs' rights protected under federal and Connecticut statutes, Plaintiffs have in the past and will continue in the future to suffer direct and consequential damages, including but not limited to, the loss of Plaintiffs' rights recited herein.

103.    The Plaintiffs have no adequate remedy at law for the harm and damage caused by Defendants' violation of its constitutional rights.

## AS A FOURTH CAUSE OF ACTION
### Conversion
### Treble Damages
### Connecticut General Statutes §52-564

Plaintiffs repeat and re-allege the introductory paragraph and paragraphs "1" through "95" as if fully set forth herein.

96.    At diverse times the Defendants converted the Plaintiffs' money by willfully diverting the Plaintiffs' money to their own use and purpose:  paying the unnamed defendant, sheriffs and constables, illegal, unearned fees.

97.    As a result and proximate cause of the conversion perpetrated by the Defendants, Plaintiffs have in the past and will continue in the future been deprived of their money and have suffered direct and consequential damages.  The Plaintiffs are entitled to triple damages pursuant to Connecticut General Statutes, §52-564.

98.    The Plaintiffs have no adequate remedy at law for the harm and damage caused by Defendants' violation of its constitutional rights.

## AS A FIFTH CAUSE OF ACTION
### Unreasonable Seizure of Property
### Fourth Amendment, United States Constitution

Plaintiffs repeat and re-allege the introductory paragraph and paragraphs "1" through "95" as if fully set forth herein.

96.     In turning over the Plaintiffs' tax payments to the John Doe Defendant, the

Tax Collection Office of the City of Waterbury unreasonably seized the Plaintiffs'

property in violation of the Fourth Amendment of the United States Constitution.

97.     The Defendants permanently deprived the Plaintiffs of the benefit of the

monies retained by the John Doe Defendant prior to the reminder being applied to the

outstanding taxes owed.

<strong>RELIEF SOUGHT</strong>

WHEREFORE, Plaintiffs pray for Judgment as follows:

On all Causes of Action:

A.  Declaratory judgment holding that sections 12-155, 12-157 and 12-162 of the

Connecticut General Statutes are unconstitutional and illegal under the United States

Constitution;

B.  Declaratory judgment holding that all tax warrants issued pursuant to Section

12-162 of the Connecticut General Statutes for the period three years prior to the filing of

this complaint are null and void.

C.  Annulment of those decisions and actions pursuant to the City of Waterbury's

Policies that violate the Plaintiffs' civil rights and permanent injunctive relief enjoining all

Defendants from unconstitutionally and illegally applying the Town's illegal and

fundamentally unfair policies of tax collection as alleged in this complaint;

D..  Appointment of a federal monitor to ensure that the Defendants comply with

all orders of this Court by overseeing the actions of the Defendants and to report to the

Court as needed;

31

E.. Compensatory and/or nominal damages against Defendants and for the
Plaintiffs as the Court deems just.

F. Compensatory and/or nominal damages against Defendants as the Court deems
just for the loss of Plaintiffs' constitutional rights;

G. Costs and expenses of this action, including a reasonable attorneys' fee award,
in accordance with 42 U.S.C. § 1988, and other applicable law, and other taxable costs
under Title 28 U.S.C. § 1920;

H. Treble Damages pursuant to §52-564 of the Connecticut General Statutes.

I. Such other and further relief as the Court deems equitable, just, and proper;

J. That the Court retain jurisdiction of this matter for the purpose of enforcing the
Court's orders.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury of all issues so triable.

Respectfully submitted this 17th day of March, 2014.

/s/ James Stedronsky
James Stedronsky (Ct06523)
Stedronsky & D'Andrea, LLC
62 West Street P.O. Box 1529
Litchfield, CT 06579
(860) 567-9111
Facsimile (860) 567-1666
hjs@stedlaw.com

/s/ David C. Yale
David Yale (ct26912)
DAVID C. YALE. ESQ.
155 HIGHWOOD RD
WATERBURY, CT 06708
(203) 592-7206

32

Facsimile (860) 5467-1666
dcyale@yahoo.com

Counsels for the Plaintiffs